UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

CASE NO.:

MICHAEL WHITE,

    Plaintiff,

v.

GENESISCARE USA OF FLORIDA, LLC
d/b/a GENESISCARE and
DR. SHADEN MARZOUK, an individual

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL WHITE, by and through undersigned counsel, hereby sues Defendants, GENESISCARE USA OF FLORIDA, LLC d/b/a GENESISCARE and DR. SHADEN MARZOUK, and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, MICHAEL WHITE, brings this action against Defendants to recover unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 206 ("FLSA"), in breach of the Defendants' employment agreement with Plaintiff, and unjust enrichment from the unpaid services provided by Plaintiff and accepted by the Defendants.

2. Jurisdiction is conferred on this Court by the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 206.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff, MICHAEL WHITE, has been a citizen and resident of Broward County, Florida and is otherwise *sui juris*.

5. At all times material hereto, GENESISCARE USA OF FLORIDA, LLC d/b/a GENESISCARE ("GenesisCare"), was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district, specifically in Lee County.

6. At all times material hereto, GenesisCare had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

7. At all times material hereto, GenesisCare had revenue in excess of $500,000.00 per annum.

8. Defendant, DR. SHADEN MARZOUK ("Dr. Marzouk"), as early as March 2023 and thereafter, was an officer and/or owner of GenesisCare and this individual Defendant commonly controlled the day-to-day operations of the

corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

9. At all times material hereto, Dr. Marzouk was Plaintiff's employer as defined by law.

10. At all times material hereto, Plaintiff was individually engaged in commerce while working for the Defendants.

11. On many occasions throughout Plaintiff's employment with Defendants, Plaintiff worked in excess of forty hours per week and was not paid overtime.

12. All conditions precedent have occurred or have been waived.

13. Plaintiff has engaged the undersigned attorney and is entitled to recover his attorneys' fees from the Defendants.

## COUNT I: FLSA RECOVERY OF UNPAID OVERTIME WAGES
### (As to All Defendants)

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 above as if fully set forth herein.

15. Plaintiff has been employed by the Defendants as a Service Engineer since January 1999 and continues to hold this position. In this role, Plaintiff services linear accelerator machines used for radiation treatment of cancer patients.

16. Throughout Plaintiff's employment with Defendants, Defendants have misclassified Plaintiff as a salaried, exempt employee. Plaintiff's duties do not meet

the criteria for any of the overtime exemptions. He does not possess a college degree, advanced training, or professional certifications, and his work is not managerial or supervisory in nature. Instead, his responsibilities are repetitive, task-oriented, and involve physical labor, troubleshooting, and basic repairs, all of which are characteristics that align with a "blue collar" or hourly employee, not a salaried, exempt position. Furthermore, Plaintiff's job title has always been Service Engineer, and he has never been promoted to a senior or managerial role. He does not exercise discretion or independent judgment in his daily work.

17. For the past three years, Plaintiff has consistently worked approximately 16 hours per day, five days per week—generally from 5:00 a.m. to 9:00 p.m., Monday through Friday. Plaintiff estimates that he worked 80 hours per week. Despite this, he has only been compensated for 40 hours per week, with no additional pay for overtime. Plaintiff is required to be on call for emergency repairs, often works weekends, holidays, and during vacation, and has no guaranteed breaks or mealtimes.

18. Plaintiff's wage history reflects consistent increases over the relevant period. As of September 16, 2022, his regular hourly wage was $62.52 per hour, resulting in an overtime rate of $93.78 per hour. On August 27, 2023, his hourly wage increased to $66.37 per hour, with an overtime rate of $99.56. By August 25, 2024, his wage rose to $67.70 per hour, making his overtime rate $101.55. Most

recently, as of August 24, 2025, Plaintiff earned $69.05 per hour, corresponding to an overtime rate of $103.58 per hour.

19. Applying these overtime rates to 40 hours of overtime per week over a span of three years, the total amount of unpaid overtime compensation that Defendants owe to Plaintiff is $606,492.00.

20. During one or more work weeks, Defendants did not pay Plaintiff the statutory overtime wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

21. Defendants unlawfully denied Plaintiff overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

22. By reason of the intentional, willful, and unlawful acts of the Defendants, Plaintiff has suffered damages.

23. Defendants owe Plaintiff an additional amount equal to the amount of overtime wages as liquidated damages.

24. Plaintiff has engaged the undersigned attorney and is entitled to recover his attorneys' fees from the Defendants pursuant to the FLSA.

WHEREFORE, Plaintiff hereby demands judgment against Defendants, jointly and severally, for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT II: BREACH OF CONTRACT
### (As to GenesisCare USA of Florida, LLC d/b/a GenesisCare)

25. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 above as if fully set forth herein.

26. Plaintiff and GenesisCare entered into a verbal agreement under which Plaintiff agreed to perform services as a Service Engineer in exchange for compensation. However, due to GenesisCare's misclassification of Plaintiff, Defendant did not consider Plaintiff eligible for overtime pay. As a result, GenesisCare breached the agreement by failing to pay Plaintiff overtime wages for all hours worked.

27. As a result of GenesisCare's breach of the agreement, Plaintiff has suffered damages.

28. Plaintiff has engaged the undersigned attorney and is entitled to recover his attorneys' fees from GenesisCare pursuant to section 448.08, Florida Statutes.

WHEREFORE, the Plaintiff demands judgment against Defendant, GenesisCare USA of Florida, LLC, d/b/a GenesisCare, for damages, together with prejudgment and post judgment interest thereon, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT III: UNJUST ENRICHMENT
### (As to GenesisCare USA of Florida, LLC d/b/a GenesisCare)

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 above as if fully set forth herein.

30. Plaintiff provided services to GenesisCare by serving as a Service Engineer.

31. By serving as Service Engineer to GenesisCare, Plaintiff conferred a benefit on GenesisCare, and GenesisCare had knowledge of that benefit.

32. GenesisCare voluntarily accepted and retained that benefit conferred on it by Plaintiff.

33. The circumstances are such that GenesisCare's retention of the benefit is inequitable unless GenesisCare pays the Plaintiff the value of the benefit.

34. GenesisCare has been unjustly enriched at the expense of the Plaintiff.

35. Plaintiff is entitled to damages as a result of GenesisCare's unjust enrichment.

36. Plaintiff does not otherwise have an adequate remedy at law.

37. Plaintiff has engaged the undersigned attorney and is entitled to recover his attorneys' fees from GenesisCare pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant, GenesisCare USA of Florida, LLC, d/b/a GenesisCare, for damages, together with

prejudgment and post judgment interest thereon, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## Jury Trial Demand

Plaintiff demands a trial by jury on all issues so triable.

    Respectfully submitted this 21st day of November 2025

    By: *s/Michelle Cohen Levy*
    Michelle Cohen Levy, FBN 0068514
    The Law Office of Michelle Cohen Levy, P.A.
    4400 N. Federal Highway
    Lighthouse Point, Florida 33064
    P: (954) 651-9196
    Michelle@CohenLevyLegal.com
    Counsel for Plaintiff